Hello, this is Appellate Commissioner Peter Shaw calling from the Ninth Circuit Court of Appeals in San Francisco and this is a hearing concerning the request by appellant Ian Pincombe to represent himself on appeal and let me first take an appearance by the government. Good afternoon, this is Ellie Rohani appearing on behalf of the government. And Mr. Pincombe's current counsel. Yes, this is Assistant Federal Defender Wendy Overmeyer. Thank you. And do we have Mr. Pincombe on the line? Just one second, sir. Gary Clare, Counselor Gary Clare. Good day. Hello. Hello, is this Mr. Pincombe? This is a representative of his. My name is Kieran McNamidean. I'm here on behalf of Mr. Pincombe and his trust. Are you the individual who appeared and was convicted at the trial? I am not. I am a representative of his. I was unlawfully convicted by the court and I'm now here present with you today. All right. Do we have Mr. Clare listening in on the line? No, he stepped out. He's respecting the privacy of this hearing. Did you need to speak with him? Yes. Could you ask him to come in for a moment? Yes. This is Counselor Clare. Mr. Clare, this is Appellate Commissioner Peter Shaw at the Ninth Circuit in San Francisco. First, I want you to extend the court's appreciation for your efforts in facilitating this hearing. And I wanted to ask you if the individual who's in that room right now is the one who you know as Ian Pincombe, who was convicted and is serving a sentence on the objection of conviction. It is. All right. Thank you. And you may now leave if that's appropriate. Yes, sir. Thank you very much. All right. So we're going to proceed. And I'm going to refer to you as Mr. Pincombe. And by that, I am meaning the person who is addressing you. Sorry to interrupt you, but who am I speaking with right now? This is Appellate Commissioner Peter Shaw at the United States Court of Appeals. I'm conducting this hearing right now. I see. All right. And I did want to inform all of the participants that the proceedings are being recorded. So in case there's any need to refer to the record, that can be made available to the parties. Thank you. All right. So, Mr. I would ask the prisoner to we're going to swear you in so that all of your statements here are going to be under penalty of perjury. So do you attest that all the statements you're about to make are going to be the truth, the whole truth, nothing but the truth, and you say so under penalty of perjury? Is that without the United States or within the United States? It's within this telephone conference call being conducted from San Francisco, and you're participating from, I guess, Big Springs, Texas. Okay. As long as it's qualified that I am not the legal fiction that is on the paper that's in front of you. I am here in behalf of him as a third-party intervener, and yes, you may swear me in. I already asked you, do you swear that the statements you're about to give are the truth, the whole truth, and nothing but the truth, and this you say under penalty of perjury? Absolutely. All right. Do you have any physical or mental impairments that would affect your ability to participate fully and knowingly in the proceedings today? No. Are you under the influence of any drug or alcohol? No. Are you able to hear me and to respond freely? Yes. All right. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request is knowing, intelligent, and unequivocal. Do you understand that? I do. Would I be able to speak at this time? There's something I'd like to be able to say before the questioning goes any further. Well, I'm not giving you questioning now. I'm going to give you an opportunity. I just want to give you some basic information about the scope of this hearing and what we're doing here, and then I'll be happy to give you an opportunity to talk. Of course. Okay, go ahead. All right. You have the right to counsel on this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense, as was also the case in the district court. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. In determining whether the court will exercise its discretion to allow you to represent yourself, the court will first inform you of the dangers and disadvantages of self-representation on appeal, second, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the court in deciding the case, and third, inquire whether granting self-representation could unduly burden the court or undermine the integrity of the outcome. Do you understand all that? I do comprehend what you're saying, yes. All right. You also may withdraw your request for self-representation, and in that case, you may continue with current counsel. I also am authorized to appoint new counsel to represent you, if that would be appropriate. The Court of Appeals does not, however, permit the appointment of advisory or standby counsel, so you may not represent yourself and simultaneously have counsel appointed to assist you. Do you understand that? I comprehend that, yes, I do. All right. I'm going to begin asking you some questions about your background, your history, and your ability to do the tasks of preparing the briefing necessary to prosecute your appeal. But you mentioned earlier, and I'm prepared to do that now, but you mentioned earlier that you had something that you wanted to say. So if you wanted to say that now, fine. I will also give you an opportunity later on to say something, too. Okay, great. At this time, what I actually wanted to do, because I haven't had the opportunity up until this moment, this very moment, is to clarify that I do not recognize the court's authority over me, and furthermore, I don't recognize the semantics being used in this interview, the word representation or representative. I believe that only I can present myself before the court and that no one is capable of ever being able to represent me. And so I'm in my right mind. I am sujurist. I define myself as sujurist, which is in my full right and capacity in body, mind, and soul. And so what I'm wanting to do as presenting myself before this hearing at this moment is I actually want to notify the court, notice the court, that I really actually don't want and don't need an appeal at this time. I want to apologize and place myself in honor in the court by basically apologizing for wasting anyone's time or energy, but I really don't feel that an appeal is necessary for me at this time, and I don't think that it would benefit me at this time. Having said that, I've gotten a sense from speaking with those who are trying to represent me from Nevada that they feel that I don't have a choice, I must be represented, and that I don't have a choice as to whether I want an appeal or not, that I'm going to essentially have an appeal compelled upon me and coerced upon me against my will and that I don't have any right. And I am vehemently against that and basically testifying against that by basically saying that that in and of itself is a federal crime, and it also is a federal crime under the statutes of war to change my political status to that of a United States citizen. I am not a United States citizen. I never have been. I'm not now, and I'm never going to be. And this has all been foisted upon me through the corruption of the law enforcement agency and the Nevada United States Attorney's Office. What I'm looking to do at this point is to essentially just clarify once again and notify the court and everyone present that I do not wish, I do not need, and I do not want an appeal, and I do not want or need anyone to represent me. I'm fully capable of presenting myself before any court on the planet. And so with that, I'll hand it back over to you, Peter, and I'm very thankful for your time that you gave me. All right. Have you discussed your intent to voluntarily dismiss this appeal with Ms. Overmyer? No, I have not. I haven't considered that necessary since she's not representing me. I don't recognize her representation, so therefore I don't need to request anything of anyone. I don't need to ask anyone for advice. I don't need to petition anybody for anything. All right. So typically the court requires a written notification of intent to voluntarily dismiss an appeal. So are you prepared to send a notice or a motion for voluntary dismissal of the appeal to the court? Oh, certainly. Yeah. I am going to ask Ms. Overmyer? Yes. You've heard what your current client has said. Do you have any objection to moving forward with your filing a motion for voluntary dismissal and referring both to this hearing and to his inclusion of written notification? No. As he said, we hadn't discussed that before, that he wanted to voluntarily withdraw his appeal. Well, we do have a notice that we use in cases like this that the client can sign, and then we file with the court. So I certainly have that. I can send to Mr. Pincone to have him return to me. My last mailing was refused by Mr. Pincone, but, of course, I can send a notice that he can sign of his intent to voluntarily withdraw his appeal. Is that satisfactory to you? In terms of being able to be a third-party intervener for the trust of Pincone Trust, I can definitely do that, as well as place in my own notice of voluntary dismissal of appeal. I can do that probably within the next 30 days, I would presume, as long as that's a good time frame. All right. I'd like to do it sooner, if possible. Okay. Go ahead. I'm sorry. My concern is just that Mr. Pincone understands the ramifications of that withdrawal, that any claims that could be raised cannot be raised at a later time. Oh, certainly. And that it also impacts what issues could be raised on a habeas motion under 28 U.S.C. 2255. Those warnings are contained in the notice that we send out to clients who want to withdraw appeals. But that's our concern, that that's fully being understood by Mr. Pincone. Oh, certainly, certainly. All right. Given your clear statement of an intent to voluntarily dismiss the appeal, I'm not going to go forward with this hearing. But in order for us to efficiently process this claim, we are going to require a motion from your current counsel to voluntarily dismiss the appeal. And it will also require your written consent to dismiss the appeal. And when we have those documents filed in the court in your docket, the court will dismiss the appeal. So it will accomplish the goal that you've stated today. But I would ask that you cooperate with Ms. Overmeyer simply as, if nothing else, an intermediary to accomplish this goal. I see. So you need to both receive the form she's going to send you, you need to complete the form, send it back to her with your written consent, and then she will file in the court a motion for voluntary dismissal of the appeal. And that's how things will go. Of course. All right. So, and for purposes of this, Ms. Overmeyer will be the person who submits the motion to the court, which includes your statement. Well, that I would have to disagree with. I can allow her to do that as far as her job and scope of practice allows her to. But, again, I do not recognize her as actually representing me and never have. All you need to do is file your motion. Therefore, sir, I'm going to be also, in addition to that, I'm also going to be placing my own notice in record. And it will be a crime and illegal for that to be banned from the court record. As long as you have, as you complete the document that she's going to send you and have her file a motion for a voluntary dismissal and include a document showing your consent, that's what the court requires to dismiss the appeal. Right. And we don't, there's no need to use the word representation or not. All right? Say that again? You just, all you need to do is fill out that form she's going to send you and sign it. And then she will file a motion for voluntary dismissal. Okay. All right? Thank you. All right. Ms. Obermeyer, is there anything further? No. We can get that notice out to Mr. Pincone today. So he should receive it, well, depending on the prison mail within the next week. All right. Oh, I'm sorry to interrupt, sir, but just real quick, I needed to address an issue that's occurring with the facility here that I could use assistance with in terms of cooperation. All of my legal mail thus far has been kept from me for an undue time up to a week, two weeks late, and then when I do receive it, it's already been opened, not in my presence. All right. That is a matter that you need to raise in the first instance in the district court. And you need to, well, first you need to file an administrative complaint in the prison, and then if that's unsuccessful, then you need to go to the district court with a claim that your civil rights have been violated. Certainly. I'm just making you aware of it today that anything that Ms. Obermeyer sends will be read before I get it, and quite possibly it will be withheld from me for up to two weeks. Well, as I mentioned, that's something that you need to exhaust your administrative remedy in the prison and then go to the district court. Which is why I believe firmly in presenting myself before things rather than having anyone else do it for me. Thank you. Okay. All right. Does the government have anything, any position or any statement at this time? No. Thank you, Commissioner. Shall we submit this to your discussion? All right. Anything further from the appellant? Nothing from the federal defender. All right. Well, thank you very much for appearing, all of you, today, and I am hopeful that we will be able to accomplish the goal that was identified today at the hearing. All right. And then I will, if there's any problems that arise, I will review the docket if there are any further filings. All right? Mr. Shaw, would I be able to get a recorded transcript of this as well, please? Well, all we have is a tape recording right now. That's fine. What we might be able to do is file an MP3 in the docket that you may have access to. Okay. That would be fine. Thank you. All right. You can look on our docket, and there should be something there. All right. Thank you all. This matter is then submitted and held in abeyance pending the receipt of further motion. Thank you all, and good afternoon. Thank you. Thank you. Okay. Bye-bye. Bye-bye.
judges: Appellate Commissioner Shaw